## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| EXECUTIVE RISK INDEMNITY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  CV 06-S-1040-NE |
| | ) | |
| HUNTSVILLE PSYCHOLOGICAL SERVICES, P.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This action is before the court on the motion of a non-party, the Alabama Board of Examiners in Psychology, to quash the subpoena served upon it by plaintiff, Executive Risk Indemnity, Inc.[1]  In the alternative, the Board of Examiners has moved for a protective order.[2]  Executive Risk Indemnity has responded in opposition to the motion.[3]

## I.  BACKGROUND

This case involves a professional liability insurance policy issued by plaintiff Executive Risk Indemnity, Inc. ("ERI"), to defendants Huntsville Psychological

---

[1] Doc. no. 19 (Motion to Quash).

[2] *Id.*

[3] Doc. no. 21 (Opposition to Motion to Quash).

Services, P.C. ("HPS"), and Michael S. Cometa, a psychologist who also is president and sole shareholder of HPS.[4]  At some point during April of 2004, Cometa, on behalf of himself and HPS, applied for a renewal of the liability policy with ERI.[5]  As part of the renewal application, Cometa was specifically required to disclose whether he or any other HPS employee had "engaged in . . . any sexual misconduct with any . . . current or former patients."[6]  More generally, Cometa was asked whether he was aware of any circumstances that might result in professional liability claims against him or others at HPS.[7]  Cometa allegedly responded in the negative to both of these questions, and, in reliance upon his answers, ERI renewed the policy.[8]  Now, however, ERI claims that Cometa's responses were false.

According to ERI, at the time of the application for renewal, one of Cometa's patients, Charlyn Henry, and her parents, had lodged a complaint against Cometa with the Alabama Board of Examiners in Psychology, claiming that Cometa had taken nude photographs or films of Charlyn while counseling her at HPS.[9]  The Henrys also had allegedly retained an attorney, written letters demanding Cometa cease all contact

---

[4] Doc. no. 1 (Complaint).

[5] *Id*. at ¶ 18.

[6] *Id*. at ¶¶ 24-25.

[7] *Id*.

[8] *Id*.

[9] *Id*.

with Charlyn, and refused to sign an agreement releasing Cometa of any potential liability arising out of the allegations.[10]  ERI asserts that Cometa (and derivatively, HPS) was aware of this information at the time Cometa answered the questions on the application, but still failed to provide truthful responses.[11]

ERI filed this suit against HPS, Cometa, and the Henrys on May 30, 2006, seeking rescission of the liability insurance policy and/or a judgment declaring that the policy provisions limit or exclude coverage for the sexual misconduct alleged by the Henrys.[12]  ERI served the Alabama Board of Examiners in Psychology with a non-party subpoena on August 22, 2006, pursuant to Federal Rule of Civil Procedure 45.[13]  The subpoena directed the Board to produce:

> Any and all documents concerning or relating to the complaint of Thad Henry, Debbie Henry, and/or Charlyn Henry against Michael S. Cometa and/or Huntsville Psychological Services, including but not limited to all correspondence or communications between the Board and Thad Henry, Debbie Henry, Charlyn Henry, Michael S. Cometa, or Huntsville Psychological Services; transcripts of any testimony or recorded statements, and copies of any written statements, given in this matter; and any other documents regarding the complaint or the allegations thereof, the Board's proceedings and investigation, and the disposition of the complaint.[14]

---

[10] Doc. no. 1, ¶¶ 24-25.

[11] *Id.*

[12] *Id.* at Prayer for Relief.  It is unclear from the pleadings thus far whether the Henrys have actually initiated a civil action against Cometa or HPS.

[13] *See* doc. no. 21, Ex. 1 (Subpoena).

[14] *Id.*

The Board of Examiners moved this court to quash the subpoena, or in the alternative, to issue a protective order, on September 1, 2006.[15]  As grounds for this request, the Board of Examiners argued that the subpoena was overly broad, and also that the documents described in the subpoena "contain confidential information about a minor child and are therefore not discoverable."[16]

ERI filed an opposition to the motion, in which it pointed out that none of the defendants, including Charlyn Henry and Cometa, had objected to the subpoena.[17] ERI also informed the court that a criminal case is currently being prosecuted against Cometa and, thus, presumably, all of the information sought is a matter of public record.[18]  It is therefore ERI's position that all of the requested materials should be produced, excepting of course any information that comes under the protection of the attorney work product doctrine.[19]  *See* Fed. R. Civ. P. 26(b)(3).

Out of an abundance of caution, the court ordered a response from the additional parties who appear to have the most interest in having these documents protected from disclosure: *i.e.*, Michael S. Cometa, HPS, and Charlyn, Thad, and

---

[15] Doc. no. 19.  This motion to quash was timely filed following receipt of the subpoena.  *See* Fed. R. Civ. P. 45(c)(3)(A).

[16] *Id*. at ¶¶ 2-3.

[17] Doc. no. 21.

[18] *Id*.

[19] *Id*.

Debbie Henry.[20]  Through their attorney, the Henrys confirmed to the court that they had no objection to the subpoena, provided that ERI exercises reasonable care in preventing widespread public disclosure of this information.[21]  On the other hand, Cometa — in his personal capacity and as president of HPS — ignored the court's mandatory order and did not file a response to the motion to quash.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26 states the general rule for the scope of discovery in civil actions:

> Parties may obtain discovery regarding any matter, *not privileged*, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence.*

Fed. R. Civ. P. 26(b)(1) (emphasis supplied).  Rule 45, on the other hand, sets forth the standards for the use of a subpoena *duces tecum*, seeking the production of documents or things.  The following provision is relevant to the present dispute:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of *privileged or other protected matter and no exception or waiver applies*. . . .

Fed. R. Civ. P. 45(c)(3)(A)(iii) (emphasis supplied).

---

[20] *See* doc. no. 22 (Order Requiring Response from Additional Defendants).

[21] Doc. no. 25 (Henrys' Response to Motion to Quash).

As stated above, the principal concern asserted by the Alabama Board of Examiners in Psychology is that the documents sought by ERI "contain[] confidential information about a minor."[22]  A federal court sitting in diversity must look to state law to determine the applicability of any privilege.  Fed. R. Evid. 501.[23]  *See also Price v. Time, Inc.*, 416 F.3d 1327, 1335 (11th Cir. 2005) ("State privilege defenses have full force and effect in federal court in diversity jurisdiction cases by virtue of Fed. R. Evid. 501.").   A "privilege" generally is defined as a "special legal right, exemption, or immunity granted to a person or class of persons; an exception to a duty."  BLACK'S LAW DICTIONARY 1215 (7th ed. 1999); *see also* Bryan A. Garner, A DICTIONARY OF MODERN LEGAL USAGE 693 (2d ed. 1995) (defining privilege as "a slippery legal word most commonly denoting a person's legal freedom to do or not to do a given act").

> Evidentiary privileges do not aid in the ascertainment of truth.  Even so, they are justified on this basis:  "they protect interests or relationships which, rightly or wrongly, are regarded as of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice."

*Ex parte Rudder*, 507 So. 2d 411, 414 (Ala. 1987) (Shores, J.) (citing MCCORMICK

---

[22] Doc. no. 19, ¶ 3.

[23] Federal Rule of Evidence 501 provides, in pertinent part, that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."  Fed. R. Evid. 501.

ON EVIDENCE § 72, at 171 (1984)).

Generally, the court would expect a claim of privilege to be supported by citation to the Alabama Rules of Evidence or pertinent case law.  The only authority put forth by the Alabama Board of Examiners for the claim of privilege asserted in this case, however, is a portion of the Alabama Administrative Procedure Act, which is lengthily entitled:

> Notice and opportunity for hearing in contested cases; contents of notice; power of presiding officer to issue subpoenas, discovery and protective orders; procedure upon failure of notified party to appear; presentation of evidence and argument; right to counsel; disposition by stipulation, settlement, etc.; *contents of record*; public attendance at oral proceedings; recordings and transcripts of oral proceedings.

Ala. Code § 41-22-12 (2006) (emphasis supplied).  Although the title includes a reference to "discovery and protective orders," the substantive provision addressing those issues clearly indicates that the statute concerns only the power of *the presiding officer of the hearing* to control discovery and issue protective orders.  *See* Ala. Code § 41-22-12(c).  Indeed, the Board of Examiners apparently recognizes this fact, and consequently, does not rely upon that provision.  Instead, the court's attention is called to *another*, arguably inapplicable, portion of the statute:

> (g) The *record in a contested case* shall include:
>            . . .
>            (2) All evidence received or considered and all other submissions; provided, in the event that evidence in any proceeding may

-7-

> contain *proprietary and confidential information*, steps shall be taken to prevent public disclosure of that information;
> . . .
> (7) All staff memoranda or data submitted to the hearing officer or members of the agency in connection with their consideration of the case unless such memoranda or data is protected as *confidential or privileged*; provided, if such memoranda or data contains information of a *proprietary and confidential* nature, it shall be protected by the agency from public disclosure.

Ala. Code § 41-22-12(g)(2) - (7) (emphasis supplied).  While the court admits this language comes closer to dealing with the dispute in the present case, it nonetheless appears irrelevant here.

First, it is not at all clear that this statute even governs discovery disputes in collateral civil actions not before the administrative body that is contemplated by this provision.  The legislative history suggests, in fact, that the provisions detailing the contents of the "record in a contested case" are meant to delineate the documents and things that are subject to judicial review following an administrative board's decision. *See* Commentary to § 41-22-12 (explaining that subsection (7) "is pertinent to the information required for an informed judicial review of the agency decision").  Second, all § 41-22-12(g) says is that steps must be taken to protect against the disclosure of information that is deemed "confidential" or "privileged." *Id*.  No where does that section *define* those terms, so as to confer some substantive right or privilege.  Neither the Board of Examiners nor ERI has provided the court with any

-8-

other authority contradicting this interpretation of the statute, and the court has not been able to locate any on its own.

But even assuming that this statute *or* the Alabama Rules of Evidence confer a "privilege" in a way that might render this information "protected" under the terms of Rule 45, disclosure is nonetheless proper here because all parties with an interest in the matter have made plain that they desire it. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) (providing that a court shall quash a subpoena if it "requires disclosure of privileged or other protected matter *and no exception or waiver applies*") (emphasis supplied); Ala. R. Evid. 510 ("A person upon whom these rules confer a privilege against disclosure waives the privilege if the person . . . while holder of the privilege *voluntarily discloses or consents to disclosure* of any significant part of the privileged matter.") (emphasis supplied).

Charlyn Henry is arguably the person with the greatest incentive to keep these records under seal, yet she is apparently comfortable with the subpoena. According to the response filed, her parents are in agreement on this point. Cometa, who was the target of the administrative complaint, did not even bother to respond to the court's order requiring a statement of position with respect to this motion. Given that, the court is left to assume that Cometa has no qualms about the Board of Examiners releasing the documents associated with the complaint against him.

The only interest the Board of Examiners has, beyond protecting the individuals who are the subjects of the complaint, is preventing disclosure of its own communications with its attorneys.  ERI has explicitly consented to redaction or omission of any such communications or other attorney work product,[24] and the individuals who are the subject of the complaint have freely and unequivocally abandoned any right to have the information concerning them withheld.  In light of all this, there appears to this court no reason to bicker over disclosure.  To put it in the language of Rule 45, "an exception or waiver applies."  Fed. R. Civ. P. 45(c)(3)(A)(iii).

## III.  CONCLUSION

In accordance with the above, the motion to quash is due to be denied.  The Board of Examiners will be ordered to comply fully with the terms of the original subpoena; provided, however, that the Board may withhold any privileged attorney-client communications between the Board and its counsel, as well as any attorney work product created by the Board's attorneys.  Moreover, to further protect the interests of all parties, the court will impose limits on the purposes for which the sensitive documents to be produced may be used.

---

[24] Doc. no. 21, at p. 3.

DONE this 20th day of October, 2006.

United States District Judge