FILED

2008 Apr-21  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Civil Action No. 06-S-1040-NE |
| HUNTSVILLE PSYCHOLOGICAL SERVICES, P.C.; MICHAEL S. COMETA; CHARLYN HENRY; THAD HENRY; and DEBBIE HENRY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a declaratory judgment and policy rescission action that was commenced by a professional liability insurance company, Executive Risk Indemnity, Inc. ("ERI"), against its insureds, psychologist Michael Cometa and Huntsville Psychological Services, P.C. ("HPS"), and three non-parties to the contract of insurance:  Charlyn Henry and her parents, Thad and Debbie Henry.[1]  As recounted in earlier orders, the case was filed after ERI received a copy of a letter the Henrys mailed to Michael Cometa, alleging that Cometa had taken inappropriate nude films and photographs of Charlyn Henry, then approximately 16 years of age, during visits

---

[1] Doc. no. 1; doc. no. 27.

to his office at HPS.  ERI contends, for a variety of reasons, that it is not contractually

obligated to defend or indemnify Cometa or HPS against any claims asserted by the

Henrys, and previously filed a motion seeking summary judgment against all

defendants.[2]

As of this date, however, the Henrys have not actually initiated any legal

proceedings against either Cometa or HPS.

What is more, any such lawsuit seems quite unlikely for a variety of reasons.,

one of the principal reasons being that, in September of 2007, Michael Cometa

committed suicide.  *See* David Ferrara, *Man in Porn Case*, *Wife are Suicides*,

Huntsville Times, Sept. 23, 2007, at A19.  After learning of this development, the

court denied ERI's motion for summary judgment as to Cometa, but without prejudice

to its right to re-file the motion in the event that a representative of the deceased's

estate was substituted for Cometa pursuant to Federal Rule of Civil Procedure 25.[3]

The time period for substitution (as extended) expired in March of this year; and yet,

even as of today, no motion for substitution has been filed.  Instead, ERI has

requested that the court ignore Cometa's death for the time being, and stay this case

until May 31, 2009 — by which date the statute of limitations will have run on any

---

[2] Doc. no. 34.

[3] Doc. no. 51.

claim or claims the Henrys conceivably might lodge against either Cometa's estate or HPS.[4]

When the court previously denied ERI's motion for summary judgment as to Cometa, it acknowledged that the motion also sought summary judgment as to HPS and the Henrys. The court did not address the motion as it pertained to HPS, however, because — as it turned out — that corporation had been represented in this litigation by Cometa, the president and sole shareholder of HPS, but a non-lawyer. Corporations must be represented by licensed attorneys, rather than officers or shareholders. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). The court directed the Clerk to enter default as to HPS on the record of this action, and ERI followed up with a motion for default judgment. *See generally* 32 *Am. Jur. Fed. Courts* § 149 (2d ed. 2007) ("Even if no defendant [or plaintiff] files a motion calling attention to the lack of authority under applicable law for an individual who is not an attorney admitted to practice in court to appear in the court on behalf of one or more other natural persons or legal entities, the court must take notice of such a lack of authority and make an appropriate order.").

That motion for default judgment against HPS now is before the court.[5]  In

---

[4] Doc. no. 58; doc. no. 59.

[5] Doc. no. 56.

addition, ERI's motion for summary judgment remains pending as to the Henrys. In responding to that motion, the Henrys argue that this case is not ripe for decision. After considerable reflection, the court agrees that there is no justiciable case or controversy between ERI and any of the defendants at this time. Therefore, all of ERI's claims are due to be dismissed, and its pending motions (including the motion to stay and motion for default judgment) shall be denied as moot.

A case cited by ERI in support of its motion to stay, *Atlantic States Foundation*, *Inc. v. Tyson Foods*, *Inc.*, 682 F. Supp. 1186, 1190 (N.D. Ala. 1988), naturally channels the ripeness discussion. *Atlantic States* was a citizen-suit brought under the Clean Water Act. *Id*. at 1190. The plaintiffs there contended that a justiciable controversy existed as to whether a wastewater facility was exceeding limitations specified in discharge permits issued pursuant to the Clean Water Act. Defendants apparently conceded that an actual controversy existed at that time, but countered that staying the case to allow them time to complete certain improvements to the wastewater facility would render the question of whether it continued to exceed discharge limitations moot, and the court agreed. *See id*. Here, however, ERI urges something totally different:  *i.e.*, it asks the court to retain jurisdiction over a controversy between ERI and the Henrys that is (as discussed below) *currently unripe*, until it becomes clearly *moot*. The court sees little point in such an exercise.

-4-

Ripeness and mootness are two intimately related jurisprudential concepts that share a common provenance:  Article III of the United States Constitution.  *See* U.S. Const. art III., § 2 (restricting the power of federal courts to certain enumerated "cases" and "controversies").  *See also generally* Erwin Chemerinsky, *Federal Jurisdiction* § 2.1, at 44 (4th ed. 2003) (noting that the Supreme Court "has declared that some of the justiciability doctrines are a result of its interpretation of Article III of the United States Constitution").  Both doctrines simply stand for the proposition that federal courts will not decide academic questions posed outside the context of an actual and ongoing dispute between adverse litigants.  Thus, if a case is brought before any dispute comes into being, it is said to be "unripe" for decision.  Likewise, "[b]y definition, if a case is moot there no longer is an actual controversy between adverse litigants."  *Id*. § 2.5, at 126.

"Ripeness is said to reflect both constitutional and prudential considerations." *Id*. § 2.2, at 115.  Declaratory judgment actions commonly present ripeness questions; indeed, the federal Declaratory Judgment Act itself focuses courts on the issue, beginning as it does with the caveat, "[i]n a case of *actual controversy*."  28 U.S.C. § 2201(a) (emphasis supplied).  "In other words, federal courts can issue declaratory judgments if there is an actual dispute between adverse litigants and if there is a substantial likelihood that the favorable federal court decision will bring about some

change." Chemerinsky, *supra*, § 2.2, at 55. "[T]he question in each case is whether the facts alleged, under the circumstances, show that there is a *substantial controversy*, between parties having adverse legal interests, of sufficient *immediacy* and *reality* to warrant the issuance of a declaratory judgment." *Maryland Casualty Company v. Pacific Coal & Oil Company*, 312 U.S. 270, 273 (1941) (emphasis supplied).

Here, while there may be a theoretical controversy regarding coverage, the actual insureds are not before the court. Thus, it would make little sense to pass judgment on ERI's request for rescission. *See*, *e.g.*, *Berkel & Co. Contractors*, *Inc. v. Providence Hospital*, 454 So. 2d 496, 506 n.8 (Ala. 1984) ("Given the absence of contractual relations between Berkel and Providence, Berkel could not sue for rescission, which presumes contract privity."). *See also Thompkins v. Lil' Joe Records*, *Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007) ("Thompkins's claim for rescission fails the first requirement of a suit for rescission . . . [*i.e.*,] that the parties to the lawsuit lie in contractual privity.").

Moreover, the circumstances surrounding this action do not suggest "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. Back in December of 2004, the insureds apparently provided ERI with notice of the letter mailed to Cometa by the Henrys' attorney, but it is not clear from the complaint that

any actual demand for a defense or indemnification was made by Cometa, HPS, or anyone representing them. Now, Cometa is deceased, and HPS is an empty shell of a corporation with no living shareholders of officers. Since Cometa's death, none of the Henrys have indicated any obvious intention to file claims (indeed, they already have allowed at least some statutes of limitation to run) and, so far as this court is informed, they have not commenced any lawsuit in any court. Although the Henrys were joined as defendants in this action, and presumably desire to preserve the pool of insurance funds that would exist if ERI was held to have a duty to HPS or Cometa, the court seriously doubts they have any legally protectable interest in doing so. *Cf. Mount Hawley Insurance Co. v. Sandy Lake Properties*, *Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (upholding the district court's refusal to allow the plaintiff in an underlying wrongful death lawsuit to intervene in a declaratory judgment action between the insured and his insurance company because the underlying plaintiff had no legally protectable interest in preserving a pool of insurance money).

More significantly, even if the Henrys did have such an interest, it would be in litigating the scope of the duty to *indemnify*, not the duty to *defend*. This is problematic because it is well-established that the duty to indemnify does not arise until a judgment in the claimant's favor is entered against the insured. *See*, *e.g.*, *American Fidelity & Casualty Company v. Pennsylvania Threshermen & Farmers'*

*Mutual Casualty Insurance Company*, 280 F.2d 453, 461 (5th Cir. 1960) (affirming the dismissal of declaratory judgment action to the extent it involved the question of whether the duty to indemnify was triggered since no judgment had been rendered in the underlying state court action);[6] *Employers Mutual Casualty Company v. All Seasons Window & Door Manufacturing*, *Inc.*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) (surveying Eleventh Circuit precedent and concluding that "[i]t is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the [insurer's] indemnity obligations absent a determination of the insureds' liability to the [underlying claimants]").   *See also Premcor USA*, *Inc. v. American Home Assurance Company*, 400 F.3d 523, 530 (7th Cir. 2005) (holding that the district court "acted precipitously" in rendering a decision on the duty to indemnify while the judgment in the underlying case was still on appeal); *Cincinnati Insurance Companies v. Pestco*, *Inc.*, 374 F. Supp. 2d 451, 464 (W.D. Pa. 2004) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action.").

　　　In sum, because the Henrys have not even filed a lawsuit, much less secured

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a judgment, no duty to *indemnify* has arisen.  Therefore, it would be speculative and imprudent for this court to issue directions as to whether that potential duty to indemnify would enure to the Henrys' benefit, even if those directions would result from one of the insureds' default.  The proper course of action, then, is to dismiss ERI's claims against Cometa based on his death and the absence of any candidate for substitution, and then dismiss the remaining claims as unripe.  The same reasons supporting the dismissal on ripeness grounds militate against staying the case until mootness sets in, and forbid the court from granting a declaratory judgment by default.

Accordingly, it is ORDERED that all claims asserted against any defendant by plaintiff, Executive Risk Indemnity, Inc., are DISMISSED as unripe and, therefore, without prejudice to plaintiff's right to again assert such claims in the event that the present circumstances ripen into an actual case or controversy between these parties. All pending motions are DENIED as moot.  The Clerk is directed to tax costs to plaintiff, and to close this file.

DONE this 21st day of April, 2008.

United States District Judge